UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Jacqueline Robinson,
Ife Dagunduo

                Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER BRIAN FLEMING,
POLICE OFFICERS JOHN DOE # 1 through
approximately # 6, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department
                              Defendants.
------------------------------------------------------------X

**11 CIV 0973**

**COMPLAINT AND JURY DEMAND**

The Plaintiffs, Jacqueline Robinson and Ife Dagunduo, by their attorneys, John Carlton of the Law Offices of John Carlton, and Gregory Zenon of The Law Office of Gregory Zenon, allege the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Fleming and Police Officers John Doe # 1-6, police officers of the City of New York, in their individual and official capacities. Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the defendant NEW YORK CITY POLICE DEPARTMENT, particularly New York County, has its headquarters located within the boundaries of the Southern District of New York.

### PARTIES

4. Plaintiffs at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Fleming and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiffs are a 48-year-old African-American woman, and her 18 year old son. At the time of the incident, Robinson was 45 years old and Dagunduo was 15 years old.

12. On February 20, 2008, at approximately 6am, Plaintiffs were asleep in their separate bedrooms in their apartment located at 55 East 99th Street, New York, New York.

13. At that above stated time and place, Police Officer Fleming, who was on duty at the time and a member of the Narcotics Boro Manhattan North Unit of the NYPD, accompanied by approximately six additional members of the NYPD, broke the door off of its lock at the above location, and rushed inside

14. Robinson was awakened by the noise and while still in her bed, wearing only a t-shirt and panties, was confronted by at least six officers who had their guns out. The police pulled Robinson's hands behind her back and cuffed her.

15. Robinson immediately began to hyperventilate and had a panic attack. Robinson informed the police that she couldn't breathe and asked for he medicine in the bathroom and also asked for the cuffs to be removed that she be cuffed with her hands in front of her body. Both requests were ignored and denied.

16. Robinson was jerked up and dragged into the hallway where she was put on display in that public area and where at least one neighbor saw her in that condition.

17. Dagunduo was also awakened by the police, while he was still in his bed, wearing only a pair of boxer shorts. The police had their guns out and were yelling as they pulled Dagunduo's hands behind his back and cuffed him and dragged him out into the hallway, while he was crying, where he was put on display in that public area and where at least one neighbor saw him in that condition.

18. The police then verbally harassed plaintiffs, including threatening to take Dagunduo to Spofford, and kept them in the hallway for hours while they damaged the apartment.

19. The police broke a bedroom dresser draws inside Robinson's bedroom.

20. The police broke a cabinet-headboard in Robinson's bedroom.

21. The police broke a closet in Robinson's bedroom.

22. The police broke window blinds in Robinson's bedroom.

23. The police broke window blinds in Dagunduo's bedroom.

24. The police broke a desk with draws in Dagunduo's bedroom.

25. The police broke dishes inside the kitchen.

26. The police broke glassware inside the kitchen.

27. The police broke a radiator cover inside the kitchen.

28. The police broke a washing machine inside the apartment.

29. The police broke a computer inside the living room.

30. The police broke an X-Box inside the living room.

31. Plaintiffs were never shown any alleged contraband.

32. Plaintiffs were never shown any warrant, despite requests by Robinson.

33. Robinson was on prescription medication for asthma, including an inhaler, and was denied her medication.

34. Robinson was on prescription medication for depression and anxiety, and was denied her medication.

35. Dagunduo suffered bruising, swelling, and redness to the head due to being beaten by the police during the apprehension.

36. The police eventually brought clothing out for Plaintiffs to wear, and took them to a police precinct for booking where they were placed in separate cells.

37. Dagunduo remained at the station for hours, where he was denied food and phone calls, before he was released into the custody of family members.

38. Dagunduo never had charges brought against him.

39. Robinson was eventually taken to court, where she was released on her own recognizance approximately more than 30 hours after the police broke into her home.

40. Robinson went to court more than three times, and fought the case for over a year before the New York County District Attorney conceded Speedy Trial and the case was dismissed and sealed on or about February 25, 2009.

41. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiffs suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury and suffering.

42. In addition, Dagunduo missed days of school, suffered anxiety and depression as a result of the incident, and his grades dropped.

43. In addition, Robinson's depression and anxiety worsened as a result of the incident, she has suffered with sleeping problems, and has suffered post-traumatic stress disorder.

**FIRST CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

44. Paragraphs 1 through 43 are herein incorporated by reference.

45. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

46. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to Plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

47. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiffs were damaged in the sum of Ten Million ($10,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiffs as a result of the conduct of its employees, agents, and servants.

50. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

51. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

52. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

53. Defendant CITY OF NEW YORK has damaged the Plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

54. Defendants subjected Plaintiffs to false arrest and false imprisonment.

55. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. Defendant Officer Fleming illegally arrested Plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

58. That as a result of the foregoing, the Plaintiffs have been deprived of their following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

59. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. Defendant Officer Fleming illegally arrested Plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

62. That as a result of the foregoing, the Plaintiffs have been deprived of the following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

63. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT)

64. Paragraphs 1 through 63 are incorporated herein by reference.

65. That the Court has pendant jurisdiction of this claim.

66. That as a result of the foregoing, the defendant Officer Fleming intentionally put the Plaintiffs in fear and fright of imminent physical harm.

67. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

## SIX CAUSE OF ACTION
(BATTERY)

68. Paragraphs 1 through 67 are incorporated herein by reference.

69. Defendant Brian Fleming battered the Plaintiffs.

70. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

71. Paragraphs 1 through 70 are incorporated herein by reference.

72. Defendants caused a false accusatory instrument to be filed against Plaintiffs.

73. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

74. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to Plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

75. Plaintiffs were damaged in the sum of Ten Million ($10,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of the Plaintiffs in the amount of Ten Million ($10,000,000.00) Dollars on each of the Plaintiffs' Causes of Action;

B.  Awarding Plaintiffs punitive damages in the amount of Ten Million ($10,000,000.00) Dollars on each of the Plaintiffs' Causes of Action;

C.  Awarding Plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated: __14__ February 2011
New York, New York

_____
Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiffs

_____
John Carlton, The Law Offices of John Carlton
250 West 57th Street #2223
New York, New York 10107
212.245.5820
jcarltonlaw@yahoo.com
Attorney for Plaintiffs

Case 1:11-cv-00973-GBD   Document 1   Filed 02/14/11   Page 7 of 9



AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

11 CIV 0973

Jacqueline Robinson,
Ife Dagunduo

              Plaintiffs,              Civil Action No.

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER BRIAN FLEMING,
POLICE OFFICERS JOHN DOE # 1 through
approximately # 6, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department
                               Defendants.
---------------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

POLICE OFFICER BRIAN FLEMING, Shield 02646, Narcotic Boro Manhattan North
1 Police Plaza, New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Office of Gregory Zenon, and The Law Offices of John Carlton
110 Wall Street, 11th Floor  New York, New York 10005
212.380.8582, zenonlaw@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                  RUBY J. KRAJICK
                                                                  CLERK OF COURT

Date:   FEB 1 4 2011
                                                                  *Signature of Clerk or Deputy*

*Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

-----------------------------------------------------------------X

Jacqueline Robinson,
Ife Dagunduo

                Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER BRIAN FLEMING,
POLICE OFFICERS JOHN DOE # 1 through
approximately # 6, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department

                              Defendants.

-----------------------------------------------------------------X

Civil Action No. 11 CV 0973

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

New York City Police Department, 1 Police Plaza, New York, NY  10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Office of Gregory Zenon, and The Law Offices of John Carlton
110 Wall Street, 11th Floor  New York, New York 10005
212.380.8582, zenonlaw@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: FEB 1 4 2011

*Signature of Clerk or Deputy*

Clerk



AO 440 (Rev. 12/09) Summons in a Civil Action

11 CV 0973

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

-----------------------------------------------------------------X

Jacqueline Robinson,
Ife Dagunduo

        Plaintiffs,                     Civil Action No.

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER BRIAN FLEMING,
POLICE OFFICERS JOHN DOE # 1 through
approximately # 6, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department
                Defendants.

-----------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

THE CITY OF NEW YORK, 100 Church Street, New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Office of Gregory Zenon, and The Law Offices of John Carlton
110 Wall Street, 11th Floor  New York, New York 10005
212.380.8582, zenonlaw@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

*Signature of Clerk or Deputy*

Date: _____FEB 1 4 2011_____

*Clerk*