

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 18 MAR 2011

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STEVEN M. SILVERBERG
*Assistant Corporation Counsel*
Email: ssilverb@law.nyc.gov
Tel.: (212) 788-1336
Fax: (212) 788-9776

March 17, 2011

BY FAX
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007
(212) 805-6737

**SO ORDERED**
The conference is adjourned to
May 12, 2011 at 9:30 a.m.

18 MAR 2011 *[signature]*
HON. GEORGE B. DANIELS

Re: Jacqueline Robinson, et al. v. City of New York, et al.,
    11 Civ. 973 (GBD)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants City of New York ("City") and New York City Police Department ("NYPD"). I am writing with the consent of plaintiffs' counsel, Gregory Zenon, Esq., to respectfully request a sixty-day enlargement of time to answer or otherwise respond to the complaint, from March 17, 2011 until May 16, 2011 and to further request an adjournment of the initial conference, currently scheduled for April 27, 2011 at 9:30 a.m. No previous request for an extension has been made by defendants.

    There are several reasons for seeking an enlargement of time in this matter. The complaint alleges, inter alia, that plaintiffs were falsely arrested and all criminal charges against them were subsequently dismissed. The complaint further alleges that plaintiffs Jacqueline Robinson and then-infant Ife Dagunduo sustained both physical and psychological injuries during an alleged encounter with the NYPD. In order to adequately respond to the complaint, we are in the process of forwarding to plaintiffs the required releases in order to gain access to criminal records currently sealed pursuant to New York Criminal Procedure Law § 160.50 and New York Family Court Act § 375.1.

    Secondly, the Court's docket sheet reflects that Police Officer Brian Flemming may have been served with process on or about February 28, 2011. (See Docket Entry No. 3.) This office has not discussed with Officer Flemming the manner of service and we make no

representation herein as to the adequacy of service upon him. Furthermore, a decision concerning this Office's representation of Officer Flemming has not yet been made. Assuming proper service was effected upon him, Officer Flemming must individually determine whether he wants to be represented by this Office.

Additionally, this Office needs to conduct an investigation, including but not limited to determining whether there have been any substantiated charges of misconduct against Officer Flemming regarding this matter in order to determine whether we may extend representation to him. Only after this inquiry can this Office properly interview Officer Flemming for the purposes of responding to the complaint on his behalf. Given the time involved in determining the representation of an NYPD employee, and in the interest of judicial economy, we would hope that the Court may consider, sua sponte, extending the time to answer on behalf of Officer Flemming.

Moreover, plaintiffs Jacqueline Robinson and Ife Dagunduo have alleged physical and psychological injuries in connection with the allegations contained in the complaint. Pursuant to HIPAA's privacy provisions, plaintiffs' confidential medical records are inaccessible by this Office. Accordingly, we are in the process of forwarding the necessary consent authorizations to plaintiffs to obtain relevant medical records. In light of the foregoing, it is respectfully requested that the Court extend the deadline for defendants City and NYPD, and Officer Flemming to answer or otherwise respond to the complaint until May 16, 2011.

Similarly, in order to have meaningful discussions with regard to a discovery schedule and any potential for settlement in this action, defendants City and NYPD respectfully request that the initial conference be adjourned until after they has submitted an answer or otherwise responded to the complaint.

Thank you for your consideration of the application herein.

Respectfully submitted,

Steven M. Silverberg
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      John T. Carlton, Esq.
      Law Offices of John T. Carlton
      *Attorney for Plaintiffs*
      250 West 57th Street #3333
      New York, NY 10107
      (212) 647-0574

- 3 -

Gregory Zenon, Esq.
The Law Office of Gregory Zenon
*Attorney for Plaintiffs*
110 Wall Street, 11th Floor
New York, NY 10005
(440) 794-6686

Mar 17 2011 12:28pm P004/004   Fax: